IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No.05-MC-9067-DW |
| ) | |
| DAVID A. MILLER, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

On September 1, 2005, this civil action was referred to me for processing and handling in accordance with Local Rule 72.1(k) and 28 U.S.C. § 636. On September 8, 2005, I entered an order directing respondent to file an answer to the petition setting forth his challenges to the allegations and/or affirmative defenses by or before October 7, 2005.

A certified copy of the order was mailed to respondent by certified mail, return receipt requested, and also by first-class mail. Those documents were sent to respondent at 1100 SW Kingscross Road, Blue Springs, Missouri 64014. Defendant was personally served with the summons at that address, and the order stated that it would be assume he received the copy sent by first class mail in the event he refused to accept the copy sent by certified mail. The copy sent by certified mail was returned as unclaimed; however, the copy sent by first-class mail was not returned to the court.

In United States v. First Nat. Bank of Mitchell, 691 F.2d 386, 387 n.3 (8th Cir. 1982), the court stated:

> Generally, a taxpayer is entitled to a hearing prior to enforcement of an IRS summons. United States v. Powell, 379 U.S. 48 (1964). However, this

right is not absolute. If the person summoned neither challenges allegations in the complaint nor raises proper affirmative defenses, no evidentiary hearing is required; the matter can be decided on the written record.

As of the date of this report and recommendation, David Miller has not filed an answer or any other pleading challenging any allegation in the petition or raising an affirmative defense. Therefore, this report and recommendation is based on the written record.

## I.   **FINDINGS OF FACT**

1.   Glenda Repp (hereafter "Officer Repp") is employed by the Internal Revenue Service as a Revenue Officer in the Collection Group of the Small Business/Self Employed Division of the Internal Revenue Service.

2.   Officer Repp is conducting an investigation in respect to the collection of and the tax liability of David Miller for the taxable period ending December 31, 2001, and in respect to the tax liability of David Miller for the taxable period ending December 31, 2002; December 31, 2003; and December 31, 2004.

3.   On April 27, 2005, Officer Repp, in furtherance of her investigation, issued two summonses directed to respondent David Miller. Officer Repp left attested copies of the summonses at the last and usual place of abode of respondent David Miller on April 27, 2005. The summonses required David Miller to appear before Officer Repp at 10:00 a.m., and 11:00 a.m., on May 23, 2005, to give testimony and to produce for examination the books, records, papers, and other data specifically identified in the summonses.

4.   David Miller did not appear before Officer Repp on May 23, 2005, and has not appeared subsequent to that date. Respondent David Miller did

provide his income tax return for the calendar year ending December 31, 2002; however, he has refused to fully comply with the income tax return summons and his refusal to comply continues.

5. None of the information sought by the summonses is in the possession of the Internal Revenue Service.

6. The testimony, books, records, papers, and other data sought by the summonses are necessary properly to investigate the collection of and the tax liability of David Miller for the taxable period ending December 31, 2001, and the tax liability of David Miller for the taxable period ending December 31, 2002; December 31, 2003; and December 31, 2004.

7. The administrative steps required by the Internal Revenue Code were followed in the issuance of the summonses.

8. There has been no recommendation made by the Internal Revenue Service to the Department of Justice for criminal prosecution of the taxpayer.

## II. INTERNAL REVENUE SERVICE SUMMONS

The Internal Revenue Service ("IRS") may issue a summons in order to inquire into any offense connected with the administration or enforcement of the internal revenue laws. 26 U.S.C. § 7602(b). Section 7602(c) limits the otherwise open-ended summons authority of the IRS under § 7602(b), providing that an administrative summons may not be issued when a "Justice Department Referral" is in effect. A Justice Department Referral occurs if the IRS has recommended to the Attorney General that a grand jury investigation of, or the criminal prosecution of, the person be commenced for any offense connected with the administration or enforcement of the internal revenue laws, or when a

3

request is made under 26 U.S.C. § 6103(h)(3)(B) for the disclosure of return information.

In order to establish a prima facie case for enforcement of a summons, the government must make a "minimal showing" that (1) the summons is for a legitimate purpose, (2) the material being sought is relevant to the investigation, (3) the information is not already in the IRS's possession, and (4) the administrative steps required by the Internal Revenue Code have been followed. United States v. Powell, 379 U.S. 48, 57-58 (1964). Assertions by affidavit of the investigating agent that the requirements are satisfied are sufficient to make the prima facie case. United States v. Abrahams, 905 F.2d 1276, 1280 (9th Cir. 1990); United States v. Will, 671 F.2d 963, 966 (6th Cir. 1982).

Once the government establishes a prima facie case for enforcement of a summons, the burden shifts to the respondent to show that the summons was issued for an improper purpose or was otherwise deficient. United States v. Abrahams, 905 F.2d at 1280; United States v. Beacon Federal Savings & Loan, 718 F.2d 49, 52 (2nd Cir. 1983). In contrast to the government's "minimal burden" to make out a prima facie case, the party resisting the summons bears a "heavy" burden of disproving the IRS assertions. United States v. Abrahams, 905 F.2d at 1280.

Based on the declaration of Revenue Officer Glenda Repp, I find that the IRS has made out a prima facie case for enforcement of the summonses. By means of this declaration, the IRS has clearly made the minimal showing necessary to satisfy its threshold burden that the Powell requirements were met. The declaration states that (1) the information sought is necessary in order to determine the tax liability of David Miller for the calendar years ending

December 31, 2001; December 31, 2002; December 31, 2003; and December 31, 2004, and to collect the tax liability of David Miller for the calendar year ending December 31, 2001; (2) the information sought is material and necessary since it will show whether any property of the taxpayer is available to satisfy the tax liability for those periods mentioned above; (3) the information is not already in the possession of the IRS; and (4) the administrative steps required by the Internal Revenue Code have been followed.  The declaration also states that there is no Department of Justice referral in effect, as defined by 26 U.S.C. § 7602(c).  Therefore, the IRS is entitled to an order for enforcement of these summonses, unless the respondent can show that the summonses were issued for an improper purpose or were otherwise deficient.  United States v. Abrahams, 905 F.2d at 1280.  Since respondent has failed to answer or otherwise respond, he has failed to meet this heavy burden.

### III.    CONCLUSION

I find that the IRS has made out a prima facie case for enforcement of the summonses and respondent has failed to show that the summonses were issued for an improper purpose or were otherwise deficient.  Therefore it is

RECOMMENDED that the court, after making its own independent review of the record, enter an order directing compliance with the summonses on a date and at a time agreed upon by Officer Repp and respondent David Miller, but not later than sixty days after the service of any such order directing compliance with the summonses upon David Miller.

It is

ORDERED that the United States Marshal or other authorized person forthwith serve an attested copy of this Report and Recommendation upon

respondent David Miller at 1100 SE Kingscross Road, Blue Springs, Missouri 64014.

All parties and counsel are hereby reminded that each has ten days from the date of receipt of a copy of this Report and Recommendation to file and serve specific written objections.  Failure to file and serve objections within ten days of receipt may result in a waiver of appeal from the Report and Recommendation and any order of the court adopting all or a portion of this Report and Recommendation.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
October 13, 2005

6